# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROSALYN HAMILTON McELVAIN,**

    Plaintiff,

v.                        Case No. 05-C-922

**THE MILWAUKEE BOARD OF SCHOOL DIRECTORS,**
a/k/a MBSD,

**THE MILWAUKEE TEACHERS EDUCATION ASSOCIATION,**
a/k/a MTEA

    Defendants.

## ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS

    Rosalyn Hamilton McElvain ("McElvain"), proceeding pro se, filed a complaint against the defendants and a petition to proceed in forma pauperis. Before the court can allow McElvain to proceed in forma pauperis, the court is obligated to determine that she is unable to pay the $250.00 filing fee and that her case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

    A claim is legally frivolous under the first § 1915(e)(2) prong when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. Pursuant to the second prong, a complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In her petition to proceed in forma pauperis, McElvain discloses the following information regarding her current financial status:

(1) she is currently employed and receives a monthly income of $6,600;

(2) she receives an additional yearly income of approximately $27,000 rent from various real estate holdings;

(3) she has a total of $12,000 in checking and savings accounts;

(4) she holds an equity interest of approximately $264,000 in numerous real estate properties;

(5) she holds an equity interest of approximately $21,000 in two vehicles; and

(6) she is married and half responsible for the support of her husband and son.

In light of the substantial income that McElvain receives and the significant assets described in her petition, McElvain **CLEARLY** has the ability to pay the $250 filing fee. Furthermore, the court questions why McElvain has filed a petition which would permit her to proceed in forma pauperis. The purpose of the statute is to ensure that the courts remain open to all persons, including those who face serious financial hardship. **Under no circumstances,** should a petition to proceed in forma

pauperis be filed as a matter of course, without due consideration of one's ability to pay the required fee. That is precisely what McElvain has done, and her petition will be denied.

In addition, while McElvain's claims may not be frivolous or malicious, the court cannot conclude that McElvain has stated a claim upon which relief can be granted. McElvain says that the defendants attempted to undermine her career as a teacher; wrote negative letters related to her job performance and attitude that were not written to other teachers; removed a telephone from her classroom; sent her materials that are intended for struggling teachers; denied her reassignment; recommended that she take a sick leave; and gave varied advice regarding sick leave and worker's compensation. According to McElvain, the foregoing demonstrates that the defendants discriminated against her. Yet, none of the allegations clearly describe a basis for discrimination that is prohibited under federal law, such as discrimination because of race, sex, age, or disability. Accordingly, if McElvain wishes to pursue her claims further, she must pay the $250 filing fee and should consider amending her complaint to clearly set forth the basis of defendants' alleged discrimination.

For all of the reasons discussed, the court now enters the following orders on McElvain's application to proceed in forma pauperis:

**IT IS ORDERED** that the application to proceed in forma pauperis is **denied.**

**IT IS FURTHER ORDERED** that, if McElvain wishes to further pursue this case, she must pay the $250 filing fee no later than **January 23, 2006.** Failure to pay the filing fee by **January 23, 2006** may result in dismissal of this case.

Dated at Milwaukee, Wisconsin, this 6th day of January, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge

3

Case 2:05-cv-00922-AEG   Filed 01/06/06   Page 3 of 3   Document 3