UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROSALYN HAMILTON McELVAIN,

        **Plaintiff,**

    v.                             Case No. 05-C-922

**THE MILWAUKEE BOARD OF SCHOOL DIRECTORS,**
a/k/a MBSD,

**THE MILWAUKEE TEACHERS EDUCATION ASSOCIATION,**
a/k/a MTEA,

        **Defendants.**

---

### ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

---

On August 29, 2005, Rosalyn McElvain ("McElvain"), proceeding pro se, filed a complaint against the defendants alleging that she was discriminated against by the defendants. Accompanying McElvain's complaint was a motion to proceed in forma pauperis. Based upon the information contained in McElvain's motion, this court determined that McElvain clearly had the resources to pay the filing fee and ordered her to do so. This filing fee was paid on January 20, 2006.

On March 28, 2006, the Milwaukee Board of School Directors ("MBSD") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(5) and (6) or in the alternative for summary judgment. On March 30, 2006 the Milwaukee Teachers' Education Association ("MTEA") filed its own motion to dismiss or for summary judgment. On May 3, 2006, McElvain responded to the defendants' motions. The defendants have replied. The pleadings on the

defendants' motions to dismiss or in the alternative for summary judgment are closed and the matters are ready for resolution. All parties have consented to the full jurisdiction of a magistrate judge.

## FACTUAL SUMMARY

The following facts are set forth in McElvain's complaint. McElvain was employed as a teacher at Dr. Carson Academy School, which is part of the Milwaukee Public Schools. (Compl. 5.) She believes that from September 1999 until March 6, 2001, her administrator discriminated against her by writing negative letters regarding McElvain's attitude and job performance. (Id.) She also alleges that she was discriminated against when her telephone was removed from her classroom on January 26, 2000. (Id.)

On December 19, 2000, McElvain requested to be reassigned. (Id.) On March 10, 2001, McElvain was referred to the Teacher Evaluation and Mentoring ("TEAM") program, which is a program designed to assist teachers who are struggling in the classroom. (Id.) On March 12, 2001, McElvain contacted her MTEA representatives to discuss her options regarding reassignment. (Id.) McElvain was advised that taking a forty-five day sick leave would aid her reassignment. (Id.) As a result of crying episodes and depression, McElvain was off work from March 12, 2001 until April 2, 2001. (Id.)

After returning to work, McElvain's administrator came to her classroom and stared at her. (Compl. 6.) The TEAM representative then told McElvain that she should leave the school. (Id.) McElvain's complaint then skips ahead approximately three years to January 12, 2004. (Id.) McElvain states that on this date she received a response from the MTEA regarding her complaint. (Id.) McElvain then states that she contacted an attorney who advised her to contact the Equal Employment Opportunity Commission ("EEOC"), which she did in February of 2004. (Id.) She

states that in September 2004 she was informed that she was two days late in returning a response and because of this, she has chosen to pursue this matter in federal court. (Id.)

ANALYSIS

The MBSD present five arguments as to why the complaint should be dismissed. First, the defendants were not served within 120 days of filing the complaint as is required by Federal Rule of Civil Procedure 4(m). Second, the defendants were not served in accordance with Federal Rule of Civil Procedure 4(j)(2). Third, the complaint fails to allege that all conditions precedent for filing suit under Title VII of the Civil Rights Act of 1964, as amended, have been satisfied. Fourth, all relevant actions set forth in the complaint are beyond the four-year statute of limitations set forth in 28 U.S.C. § 1658. Finally, the MBSD allege that the complaint does not establish facts to indicate that any form of discrimination has occurred.

The MTEA present two arguments as to why McElvain's complaint should be dismissed. First, the MTEA argues that McElvain's complaint is time barred because it was not filed within ninety days of having received her right to sue letter. Second, the MTEA argues that it was not properly served because it was not served within 120 days of the complaint being filed.

Although McElvain has responded to the defendants' motions and attempted to dispute many of their assertions, McElvain does not dispute that she failed to file the present action within ninety days of receiving her right to sue letter from the EEOC. Because resolution of this matter requires consideration of matters outside of the pleadings, the court shall treat the parties' Rule 12(b) motions to dismiss as motions for summary judgment pursuant to Rule 56.

Ordinarily, a copy of the plaintiff's right to sue letter from the EEOC must be attached to her complaint or at a minimum the complaint must set forth the date on which she received the right to sue letter. McElvain does neither. However, she has attached her right to sue letter to her response to the defendants' motion to dismiss. The identical letter was submitted as Exhibit B to the

Affidavit of Cheryl Barczak, the MTEA's Assistant Executive Director, which was filed in support of the MTEA's motion to dismiss. This letter was addressed to the plaintiff at the address listed on all materials filed in this matter. Under the heading "Notice of Suit Rights," the EEOC's letter states, "Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice;** or your right to sue based on this charge will be lost." (Resp. 12) (emphasis in original).

This letter is dated October 8, 2004, and McElvain states in her response that she received the EEOC's letter on October 8, 2004. (Resp. 3.) Although it is unlikely that McElvain actually received the letter on the same day that it was mailed, the court can conclude that McElvain received the letter within a few days of October 8, 2004, given that courts may assume timely delivery of properly addressed mail. <u>Bobbitt v. Freeman Cos.</u>, 268 F.3d 535, 538 (7th Cir. 2001) (citing <u>McPartlin v. Commissioner</u>, 653 F.2d 1185, 1191 (7th Cir. 1981)); <u>see also</u> Fed. R. Civ. P. 6(e). Unless the plaintiff fails to receive notice through no fault of her own, the ninety-day time limit begins to run whenever the plaintiff receives actual notice of her right to sue. <u>Houston v. Sidley & Austin</u>, 185 F.3d 837, 839 (7th Cir. 1999). Ninety days from October 8, 2004 is January 6, 2005. McElvain's complaint was not filed until August 29, 2005, nearly eight months after the ninety-day deadline.

The ninety-day deadline is not some minor technicality. When a plaintiff fails to timely file her claim, the court is prohibited from considering the merits of the claim unless the time limit has been waived or the plaintiff demonstrates that the time limit should be equitably tolled. See <u>St. Louis v. Alverno College</u>, 744 F.2d 1314, 1316 (7th Cir. 1984). The ninety-day deadline has not been waived, and therefore, this court may accept McElvain's tardy filing only if she is able to demonstrate that she is entitled to equitable tolling.

"Equitable tolling applies when a plaintiff, despite the exercise of due diligence and through no fault of his own, cannot determine information essential to bringing a complaint." Ashafa v. City of Chicago, 146 F.3d 459, 463 (7th Cir. 1998) (quoting Soignier v. American Bd. of Plastic Surgery, 92 F.3d 547, 554 (7th Cir. 1996)). McElvain fails to provide any explanation for her delay, and therefore provides no argument suggesting that the ninety-day time limit should be tolled. In any event, it is unlikely that any argument would be sufficient to warrant the tolling of the time limits for nearly eight months, more than two-and-a-half times longer than the initial ninety-day deadline, when courts have repeatedly refused to accept complaints filed a mere one or two days late. See, e.g., Clark v. Residents' Journal, 2003 U.S. Dist. LEXIS 11243 (N.D. Ill. July 2, 2003) (two days); McKinley v. Dist. 205 Thornton Twp., 2001 U.S. Dist LEXIS 7474 (N.D. Ill. May 31, 2001) (two days); Wilson v. Doctors Hosp., 909 F. Supp. 580, 581 (N.D. Ill. 1996) (citing cases) (one day).

Because McElvain failed to timely file this action and fails to provide any explanation that would warrant the tolling of this time limit, this court shall grant the defendants' motions for summary judgment.

**IT IS THEREFORE ORDERED** that the defendants' motions for summary judgment are **granted**. The clerk shall enter an order dismissing McElvain's complaint and this case with prejudice.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2006.

s/AARON E. GOODSTEIN<br>
United States Magistrate Judge